# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10341
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 27, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MATTHEW JAMES LEBOEUF,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-184-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Matthew James LeBoeuf was convicted in 2006 of wire fraud in violation of 18 U.S.C. § 1343 and was sentenced to 18 months of imprisonment and three years of supervised release. The district court revoked his supervised release in August 2010 after LeBoeuf violated the conditions of his release by committing theft, issuing a bad check, failing to make restitution payments as ordered, failing to provide the probation officer with requested financial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

information, and leaving the judicial district without permission.  He was sentenced to 24 months of imprisonment and 12 months of supervised release.

In 2013, the district court revoked LeBoeuf's second term of supervised release after he violated the conditions of his supervised release by forging a financial instrument, failing to make monthly restitution payments, opening fraudulent credit accounts in his parents' names, forging his name on his father's car title; failing to abstain from the use of alcohol; missing a counseling session; posting for sale an electronic item on Craigslist; and traveling without authorization.  He was sentenced to 24 months of imprisonment.  LeBoeuf now appeals his 24-month sentence, arguing that the district court impermissibly focused on his underlying criminal conduct instead of his breach of trust.

Ordinarily, we review sentences imposed on revocation of supervised release under a plainly unreasonable standard.  *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013).  Because LeBoeuf failed to alert the district court to the specific alleged error he raises on appeal, we review for plain error only.  *See id.* at 332.  To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

If a district court finds by a preponderance of the evidence that the defendant has violated a condition of supervised release, the court "may impose any sentence that falls within the appropriate statutory maximum term of imprisonment allowed for the revocation sentence."  *United States v. McKinney*, 520 F.3d 425, 427 (5th Cir. 2008); *see* 18 U.S.C. § 3583(e)(3).  In doing so, the district court is directed to consider the relevant factors enumerated in 18 U.S.C. § 3553(a), including the non-binding policy

statements found in Chapter Seven of the Sentencing Guidelines. *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011); *United States v. Whitelaw*, 580 F.3d 256, 261 (5th Cir. 2009).

LeBoeuf's 24-month sentence fell within the statutory maximum sentence he could receive upon revocation of his supervised release. *See* 18 U.S.C. §§ 1343, 3559(a)(2), 3583(e)(3). Moreover, given that the district court's primary considerations in imposing the 24-month sentence were LeBoeuf's history of defrauding people and protection of the public, it properly considered the relevant § 3553(a) factors. *See* § 3553(a)(1). Thus, his 24-month sentence was not the result of error, much less plain error. *See Whitelaw*, 580 F.3d at 265.

AFFIRMED.